STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
888 Prospect Street, Suite 200
San Diego, California 92037
(949) 636-1391 (Phone)

*Attorney(s) for Social Positioning Input Systems, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> INPIXON CORPORATION, <br><br> *Defendant*. | CASE NO. 5:22-cv-08449 <br><br> **COMPLAINT** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" and/or "SPIS") files this Complaint against Inpixon Corporation ("Defendant" and/or "Inpixon") for infringement of United States Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Wyoming limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4. On information and belief, Defendant is a Nevada corporation with a principal place of business at 2479 E. Bayshore Rd., Ste. 195, Palo Alto, CA 94303. On information and belief, Defendant may be served through its registered agent, Nadir Ali, 2479 E. Bayshore Rd., Ste. 195, Palo Alto, CA 94303.

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, the venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District. Alternatively, acts of infringement are occurring in this District, and Defendant has a regular and established place of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11. A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12. The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., Inpixon RTLS) of tracking and management method for monitoring real-time GPS locations to receive real-time locations of assets or objects (i.e., location information) through one or more positional information devices (e.g., desktop or mobile devices) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '365 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

16. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '365 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '365 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

17. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '365 Patent, literally or by the doctrine of equivalents, by selling

Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '365 Patent.

18. Exhibit B includes at least one chart comparing the Exemplary '365 Patent Claims to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '365 Patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '365 Patent Claims.

19. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

20. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

21. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

22. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

23. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## JURY DEMAND

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: December 13, 2022          Respectfully submitted,

*/s/Stephen M. Lobbin*

***Attorney(s) for Plaintiff***